UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS HUNT** | **CIVIL ACTION** |
| **VERSUS** | **NO:  09-6055** |
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **SECTION: "N" (4)** |

### ORDER

Before the Court is a **New and Improved Motion to Compel Production (R. Doc. 63)** filed by the Plaintiff, Thomas Hunt.  This motion was filed on Monday, May 23, 2011, along with a motion for an expedited hearing.  On Tuesday, May 24, 2011, this Court granted the expedited hearing.  Therefore, the Defendant, Marquette, did not have an adequate opportunity to file a formal response, and presented their opposition at the hearing, which was heard with oral argument on **Wednesday, May 25, 2011**.

### I.   Background

On March 20, 2008, the Plaintiff, Hunt, was employed as a mate/deck-hand by Marquette on the tug, M/V St. Rita.  While attempting to throw a heavy nylon mooring line, the Plaintiff suffered injuries.  He contends that his injuries were the result of the negligence of the Defendant and the unseaworthniess of the M/V St. Rita.  The Plaintiff further contends that the Defendant wrongfully, willfully, arbitrarily, and capriciously failed to authorize medical care needed for the Plaintiff's lower back.

As to the instant motion, the Plaintiff was seen for his injuries by neurosurgeon Dr. Marcus Schmitz.  Dr. Schmitz referred the Plaintiff for treatment with a chronic pain specialist, Dr. David

Fairleigh.  The Defendant initially approved the treatment by both doctors.  On April 19, 2011, Dr. Fairleigh issued a report referring the Plaintiff for a repeat MRI and for additional care, including lumbar surgery by Dr. Schmitz.  The Defendant did not authorize the referral to Dr. Schmitz for ten (10) months.  The Plaintiff contends that the Defendant's claim manager, Ronnie Dupuy ("Dupuy") is solely responsible for the ten (10) month delay in authorization.

On April 29, 2011, Dupuy was deposed.  During Dupuy's deposition, he was asked whether he had any conversations with the Plaintiff regarding his medical requests for approval to be seen by Dr. Schmitz.  Dupuy indicated that he did not recall whether he had any such conversation, but acknowledged that if he did, there is a possibility that he would have notes regarding the conversation in the claim file.  During the deposition, the Plaintiff called for the production of the case file, excluding any attorney communications that may have been included in such file.  However, the Defendant refused to produce the documents.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 26(d),"[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."  Fed.R.Civ.P. 26(d).  The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery."  Advisory Committee's Note to Fed.R.Civ.P. 26(d), 1970 Amendments.  A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'"  Advisory Committee's Notes to Fed.R.Civ.P. 26(d), 1970 Amendments (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

**III.     Analysis**

The Plaintiff contends that the file requested is clearly relevant because the reasons why Dupuy failed to communicate with the Plaintiff's treating doctors regarding his back surgery is critical to whether the Defendants arbitrarily delayed the Plaintiff's treatment. The Plaintiffs further contend that the discovery request is reasonably calculated to lead to the discovery of admissible evidence. Finally, the Plaintiff contends that no privilege is applicable to this file as the Plaintiff specifically requested the entire claim file with the exception of communications between and among counsel.

At the hearing, the parties informed the Court that they had come to a mutual agreement regarding certain aspects of the Plaintiff's request. Specifically, the Plaintiff made clear that he only seeks documentation which addresses the Plaintiff's health, including the status of his requests, medical care needed, and medical care that is anticipated that he may need. The Plaintiff does not seek any extraneous information, including reserve information or discussions regarding the Defendant's potential liability.

The parties agreed that the Defendants would disclose the relevant documents from January 2009 through December 2010, including all communications between Dupuy and doctor's offices and notes on communications between Dupuy and Hunt. The only disagreement between the parties relates to correspondence between Dupuy and the Defendant's domestic underwriters which are contained in the file.

The Defendant argued that the communications between the claims manager and the underwriters include information which was produced in anticipation of litigation. The Plaintiff, on the other hand, argued that he does not seek any documents which relate to the Defendant's assessment of the case. Instead, he simply seeks any documentation which relates to the Plaintiff's health.

At the hearing, the Defendants identified one file which contained two documents between

Dupuy and the domestic underwriter which include references to the Plaintiff's health.[1]  Therefore, the only disagreement between the parties relates to the disclosure of these two documents.

The Defendants submitted both documents to the Court for *in camera* review during the proceeding.  Upon review of the documents, the Court found that the only document which should be produced is a May 19, 2009, email from Rob Leinhart to Dupuy.  The Court found that the document was relevant to the above captioned matter and did not properly fall under the work product privilege.  The Court further found that the other document need not be disclosed.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the **New and Improved Motion to Compel Production (R. Doc. 63)** is hereby **GRANTED IN PART AND DENIED IN PART**:

- **IT IS DENIED** insofar as, in light of the mutual agreement between the parties, the Court declines to compel the production of the entire file.

- **IT IS GRANTED** insofar as all documents, with the exception of communications between Dupuy and the Defendant's underwriters, within the file which relate to the Plaintiff's health from January 2009 through May 2009 shall be disclosed.

- **IT IS GRANTED** insofar as the Plaintiff is ordered to produce the May 19, 2009, email from Rob Leinhart do Dupuy contained in the file.

New Orleans, Louisiana, this 7th day of June 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The other communications contained in the file between Dupuy and the underwriters concern reimbursement. At the hearing, the Plaintiff represented that he has no interest in these documents.