UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS HUNT                                    CIVIL ACTION

VERSUS                                         NO:        09-6055

MARQUETTE TRANSPORTATION                       SECTION: "N" (4)
COMPANY GULF-INLAND, LLC

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a **Motion for Adverse Inference (R. Doc. 41)** filed by the defendant,

Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), seeking sanctions in the form

of a presumption of adverse inference against the plaintiff, Thomas Hunt, for alleged perjury and

intentional spoliation of evidence.  The plaintiff opposes the motion.[1]  Marquette filed a response

in support of its motion.[2]  This motion was heard with oral argument on **Wednesday, May 11, 2011**.

I.      <u>Factual Background</u>

On March 18, 2008, the plaintiff, Hunt, was employed as a mate/deckhand by Marquette on

the tug, M/V St. Rita.[3]  While attempting to throw a heavy nylon mooring line, Hunt suffered

permanent and disabling injuries to his lower back.  Hunt claims that his accident resulted from the

---

[1]Rec. Doc. 44.

[2]Rec. Doc. 57.

[3]Rec. Doc. 1, p. 2.  The complaint specifies that the injury occurred "on or about March 20, 2008" but this date was later confirmed as March 18, 2008.

negligence and unseaworthiness of the defendant's vessel.[4]  He further claims that Marquette wrongfully, wilfully, arbitrarily, and capriciously failed to authorize medical care necessitated by his injuries.[5]

As to the instant motion, Marquette contends that Hunt waited three weeks before reporting his injury, thereby preventing them from promptly investigating the matter and securing a timely drug screening.[6]  Once Marquette was able to secure a drug test, it came back positive for marijuana, on April 9, 2008.  The plaintiff again tested positive for marijuana on October 9, 2008, and May 11, 2009 during post-injury follow-ups with his physician.[7]  The plaintiff's criminal and medical records further revealed that he had a history of drug use prior to the accident on March 18, 2008.[8] Marquette asserts that the plaintiff lied about his drug history during his deposition.[9]  Based on his alleged perjury and history of drug use before and after the accident, Marquette believes that the delayed drug test would have been positive for marijuana and other drugs, which were the true cause of the plaintiff's injury.

As a result of the plaintiff's alleged perjured statements and spoliation of evidence, Marquette seeks a sanction of adverse inference.[10]  Marquette specifically seeks to instruct the jury

---

[4]*Id.*

[5]*Id.* at p. 3.

[6]Rec. Doc. 41, p. 1.

[7]Rec. Doc. 41-6, pp. 2-6.

[8]Rec. Doc. 41-6,  pp. 4-5.  On August 25, 1984, while incarcerated, the plaintiff was found with alcohol in his jail cell.  Rec. Doc. 41-7, p. 4.  On May 22, 1985, a work release recommendation form indicated that the plaintiff had a history of drug abuse.  *Id.* at p. 5.  On January 22, 2005, the plaintiff was cited for possession of marijuana.  Rec. Doc. 41-9, p. 6.  On October 14, 2006, the plaintiff contacted Bowling Green police and asked them to notify his girlfriend that he had started smoking crack again.  *Id.* at p. 5.  On February 11, 2007, the plaintiff was found with drug paraphernalia and admitted to smoking marijuana.  *Id.* at p. 9.

[9]Rec. Doc. 41, p. 1.

[10]*Id.*

that they are "free to draw an adverse inference against the plaintiff on the issue of his failure to report the accident and the resulting delay in securing a *timely* drug test."[11]  Hunt opposes the motion.[12]

## II.  <u>Standard of Review</u>

A federal court has the power to sanction a party who has abused the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  The spoliation of evidence is one such abuse. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp.2d 598, 611 (S.D. Tex. 2010). Spoliation refers to "destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)); Black's Law Dictionary 1531 (9th ed. 2009).  The party seeking the sanction bears the burden of proof.  *Rimkus*, 688 F. Supp.2d at 615-616.  In order to establish the sanction of adverse inference based on spoliation of evidence, this party must show that the accused had a duty to preserve the destroyed or altered evidence, a culpable breach of that duty, and resulting prejudice to the party seeking the sanction.  *Id.*

Courts have broad discretion in crafting a remedy that is proportionate to both the culpable conduct of the spoliating party and resulting prejudice to the innocent party.  *Anadarko Petroleum Corp. v. Davis*, 2006 WL 3837518 at *27 (S.D. Tex. 2006).  In choosing the appropriate remedy, a court must ensure that it is "no harsher than necessary to respond to the need to punish or deter and to address the impact on discovery."  *Rimkus*, 688 F. Supp.2d at 618-19; *Duque v. Werner Enters., Inc.*, 2007 WL 998156 at *2-3 (S.D. Tex. 2007).  An appropriate sanction should therefore "(1) deter

---

[11]Rec. Doc. 57, p. 7 (Emphasis in Original).

[12]Rec. Doc. 44.

parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'" *West*, 167 F.3d at 779 (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)); *accord, Victor Stanley*, 269 F.R.D. at 533-34. More severe sanctions, such as giving adverse inference jury instructions, are available only upon a showing of bad faith conduct. *Rimkus*, 688 F. Supp.2d at 614 (citing *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005)); *accord*, *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *see also United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000).

## III.   Analysis

Marquette argues that the following cumulative facts entitle it to a sanction of adverse inference against the plaintiff: (1) the plaintiff's delay in reporting the accident was a spoliation of evidence concerning his marijuana use; (2) the plaintiff tested positive for marijuana nearly three weeks after the injury; (3) the plaintiff committed perjury when he testified that he had not used drugs since he was a young adult; (4) the criminal and medical history of the plaintiff reveals his previous drug use;[13] and (5) the plaintiff's continued use of drugs, evidenced by two subsequent positive drug screens.[14]

Hunt opposes the motion for adverse inference.[15] He first contends that the affirmative defense of fraud and illegality were not timely or properly pled.[16] Second, Hunt contends that he notified the captain and land-based office personnel immediately following the injury, was told by

---

[13]*See* Footnote 9.

[14]Rec. Doc. 41-1, pp. 2-3.

[15]Rec. Doc. 44.

[16]*Id.* at p. 2.

Marquette personnel to go home and take care of himself, and only sought medical attention when his condition did not improve.[17]  Third, Hunt argues that Marquette cannot prove that Hunt intentionally concealed or destroyed evidence relevant to any pending or foreseeable litigation.[18]  Finally, Hunt contends that there is no expert testimony or medical literature to justify Marquette's allegations.[19]

### A.    <u>Spoliation of Evidence</u>

In order to establish an adverse inference sanction based on spoliation of evidence, the moving party must show that the accused had a duty to preserve the destroyed or altered evidence, a culpable breach of that duty, and resulting prejudice to the moving party.  *Rimkus*, 688 F. Supp.2d at 615-16.  A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation.  *Id.* at 612 (citing *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)); *accord, Toth v. Calcasieu Parish*, 2009 WL 528245 at *1 (W.D. La. 2009) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).  Once litigation is reasonably anticipated, a potential party to that litigation has a duty not to destroy "unique, relevant evidence that might be useful to an adversary." *Toth*, 2009 WL 528245 at *1 (quoting *Zubulake*, 220 F.R.D. at 216).

In *United Rentals, Inc. v. Kimmins Contracting Corp.*, the defendant's employee was injured when equipment rented from the plaintiff allegedly malfunctioned.  2008 WL 5246313 at *1 (M.D. Fla. 2008).  The defendant allegedly delayed reporting the injury or notifying the plaintiff of possible problems with the equipment that caused the injury.  The plaintiff argued that the defendant was

---

[17]*Id.* at p. 6.

[18]*Id.* at p. 2.

[19]*Id.*

under a duty to promptly notify them of possible problems with the equipment, as required by a contractual agreement between both parties.  Thus, necessary evidence as to the condition of the equipment was spoliated and the plaintiff's overall ability to defend the claim, particularly by investigating the cause of injury, was impaired.  *Id.*  The court held that the plaintiff's allegations regarding duty were "more than adequate" to withstand the defendant's motion to dismiss.  *Id.* at *4.

In the instant case, there has been no showing that Marquette communicated an obligation to Hunt, at any point, such that he had a duty to immediately report on the job injuries for purposes of securing a timely drug screen.  Whereas a duty was clearly established in *United Rentals* through a contractual agreement between the parties, Marquette has not established any similar agreement with Hunt that he must immediately report injuries.

According to the facts, the only agreement clearly communicated to Hunt was his understanding of Marquette's zero tolerance policy on drug use.[20]  The existence of a zero tolerance policy alone does not suggest that Hunt had a duty to immediately report his injury, absent any explicit language within the policy stating otherwise.  However, Marquette did not provide the Court with actual documentation of the zero tolerance policy to demonstrate what relevance it may have to the instant motion.  Nor does Marquette allege that there was an individual agreement with Hunt, albeit through a contract or some other form of documentation, that he must promptly report any injury that may occur on the job to facilitate a drug test.  The facts are insufficient to support a finding that Hunt had a duty to preserve evidence by immediately reporting his accident so that

---

[20]Rec. Doc. 41-1, p. 9.

Marquette could choose to test him to determine whether drugs played a role in the accident.[21]  An adverse inference sanction based on spoliation of evidence is inappropriate.

### B.    Perjured Testimony

Marquette alleges that the plaintiff "lied under oath about his extensive, continuous and current history of smoking marijuana."[22]  Marquette asserts that this perjury proves that the plaintiff's failure to timely report the accident was intentional spoliation.[23] Marquette further argues that perjury alone is enough to warrant sanctions and an adverse inference is one of the least severe sanctions a court may impose.[24]  Hunt does not address Marquette's perjury allegations.

As a preliminary matter, an adverse inference is not one of the least severe sanctions a court may impose in the Fifth Circuit.  The Fifth Circuit has repeatedly held that adverse inference jury instructions are a more severe form of sanction which "may not be imposed unless there is evidence of 'bad faith'." *Rimkus*, 688 F. Supp.2d at 614 (citing *Condrey*, 431 F.3d at 203); *accord, King*, 337 F.3d at 556; *see also Wise*, 221 F.3d at 156.  The term "bad faith" has been described as conduct involving "fraudulent intent and a desire to suppress the truth." *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006).

Furthermore, Marquette's assertion that the plaintiff perjured testimony about his "extensive, continuous and current history of smoking marijuana" must be relevant to the current litigation for

---

[21]The Court notes that even if Marquette established that Hunt had a duty to preserve evidence and breached this duty by waiting to report his injury, it remains unclear how such evidence, particularly the results of a timely secured drug screen, would affect the present litigation.  Assuming the plaintiff did yield a positive drug screen promptly following his injury, it is still uncertain whether the plaintiff would have been under the influence of marijuana at the time of his injury.  Depending on the type of use and consistency of use, marijuana can remain in the body for less than one week or as long as six weeks. *U.S. v. Shawda*, 2010 WL 2680300 at *3 (D. Nev. 2010).

[22]Rec. Doc. 41-1, p. 8.

[23]*Id.* at p. 6.

[24]*Id.*

this Court to impose an adverse inference sanction.  *See Id.* at 642 (evidence must be relevant to the party's claim to establish a duty to preserve); *see also Kronisch*, 150 F.3d at 127 (destroyed evidence must be relevant to the contested issue).  Marquette specifically points out that Hunt lied about the last time he used marijuana prior to the accident, suggesting that his last use was as a young adult.[25] This false testimony, however, is immaterial to the issue in dispute, particularly whether he was under the influence of marijuana on the day of the accident.  Further, Marquette was asked during the hearing when Hunt was last screened for drug use in relation to the incident, before or immediately thereafter.  Marquette only points to the drug screen administered three weeks after the accident, on April 8, 2008, in which the plaintiff tested positive for marijuana.  The closest incident citing the plaintiff's drug use prior to the accident was on February 11, 2007.[26]  The accident itself occurred on March 18, 2008.[27]

The plaintiff was not asked during his deposition whether he used drugs on the specific date in question.  Nor was he asked whether he used drugs immediately before the date of the accident. Moreover, incidents of the plaintiff's drug use well before the date of the accident, and three weeks after the accident, are too attenuated to draw an inference that the plaintiff was under the influence of marijuana at the actual time of the accident.[28]  While Marquette has handily provided the Court with proof that the plaintiff suffers from potential drug abuse, this fact alone is insufficient, nor would Marquette be prejudiced if the inference is not provided.

---

[25]Rec. Doc. 41-1, pp. 1-2.

[26]Rec. Doc. 41-9, p. 9.  On February 11, 2007, the plaintiff was found in possession of drug paraphernalia in his home and admitted to smoking marijuana.

[27]*See* Footnote 4.

[28]*See* Footnote 22 (marijuana can remain in the body for less than one week or as long as six weeks).

Counsel for the mover can pursue this issue on cross-examination of the plaintiff during trial, which may influence the trier-of-fact's assessment of Hunt's condition at the time of the accident. However, the plaintiff's alleged perjury does not persuade the Court that he had used marijuana on or immediately preceding the injury such that he spoliated evidence in the form of a concealed positive drug screen, warranting an adverse inference sanction.  Accordingly,

IV.    **Recommendation**

**IT IS THEREFORE RECOMMENDED** that Marquette's **Motion for Adverse Inference (R. Doc. 41)** be **DENIED.**

New Orleans, Louisiana, this 4th day of August, 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**