UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS HUNT                                    CIVIL ACTION

VERSUS                                         NO.  09-6055

R & R MARINE HOLDINGS, L.L.C.,                 SECTION  "N"  (4)
et al.

## ORDER AND REASONS

Before the Court is the "Motion for Partial Summary Judgment to Dismiss Claims for Punitive Damages (Rec. Doc. 40), filed by Defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette").  This motion is opposed by Plaintiff.  (See Rec. Doc. 65).  The Court has considered the memoranda filed by the parties (including the Reply at Rec. Doc. 70), the evidence and exhibits attached thereto, and the applicable law.

In this motion, Marquette requests that this Court enter partial  summary judgment dismissing Plaintiff's claim for punitive damages related to Marquette's alleged failure to satisfy its maintenance and cure obligations, asserting that it has paid for all of Plaintiff's medical treatment, and has paid him substantial maintenance payments to date.  (See Rec. Doc. 40).  In his opposition, Plaintiff states, in pertinent part,

> As of the present date, it does appear that defendant has paid all of the maintenance which is due.  Additionally, after an extreme and unjustifiable delay, defendant has authorized and apparently provided all cure which is owed to Thomas Hunt.
>
> The claim for damages on the issue of maintenance and cure is limited to defendant's failure to provide cure between May 19, 2009, and March 23, 2010.

(Rec. Doc. 65, p. 2).

Upon receiving a demand for maintenance and cure, "a shipowner need not immediately

commence payments; he is entitled to investigate and require corroboration of the claim." *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987). If, however, the shipowner's failure to pay is "callous and recalcitrant, arbitrary and capricious, or willful, callous, and persistent," the shipowner may be liable for punitive damages in the form of attorneys' fees. *Id* . (citing *Vaughn v. Atkinson*, 369 U.S. 527 (1962) (awarding attorneys' fees for damages based on employer's failure to pay maintenance)); see also *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561, 2571–75 (2009) (reaffirming *Vaughn* and holding that punitive damages in the form of attorneys' fees are available under federal maritime law for "delayed or improper provision of maintenance and cure").

Here, Plaintiff admits that Marquette paid maintenance and cure since April of 2008.  To the extent that any these payments were delayed, such delay was justified by the evidence set forth by Marquette, including but not limited to the following:

(1)	Plaintiff was involved in a criminal proceeding for assaulting a police officer beginning in March of 2009. Specifically, the evidence before the Court reveals that in March 2009, Plaintiff's medical treatment was interrupted when he was arrested and charged with third degree felony for battery on an officer and cruelty toward a child. (Exhibit 1 to Rec. Doc. 70). Instead of acting like a person with a back injury requiring surgery, Plaintiff attacked a police officer and minor child while attending a softball game.

(2)	Plaintiff further delayed his medical treatment when in May 2009, he tested positive for marijuana use during the pain management program administered by Dr. David Fairleigh. The positive test, which was Plaintiff's second, mandated the termination of the conservative treatment. At that point, Dr. Fairleigh suggested that he would return Plaintiff to the original treating physician, Dr. Marcus Schmitz. In a fax cover sheet dated May 21, 2009, Dr. Fairleigh's office simply

2

suggested that "patient, Thomas Hunt needs to be referred to neurosurgery Dr. Schmitz. Thanks. NI (Nigeria)." (Exhibit 2 to Rec. Doc. 70).  Because Plaintiff had already been seen by Dr. Schmitz before he was referred to Dr. Fairleigh and because Dr. Schmitz was Plaintiff's treating physician, he had already been approved by Marquette, making it unnecessary for Marquette to refer him to Dr. Schmitz a second time. (Exhibit 1 to Rec. Doc. 65, pp. 27-31).

(3)     Medical records from the Santa Rosa Medical Center in Florida document a delay in Plaintiff's treatment of the alleged back injury because of pneumonia that resulted in emergency care between February 10-12, 2010. This presumably rendered him ineligible for surgery at least temporarily.

On the showing made, Plaintiff's evidence is insufficient as a matter of law to create a question of fact that Marquette's delay in payment of cure between May 19, 2009, and March 23, 2010 was arbitrary and capricious, or was callous or indifferent. Marquette acted reasonably, under the circumstances, in satisfying its maintenance and cure obligations.

Considering the foregoing, **IT IS ORDERED** that, for substantially the same reasons set forth by Marquette in its Motion (Rec. Doc. 40) and in its reply (Rec. Doc. 70), the **Defendant's "Motion for Partial Summary Judgment to Dismiss Claims for Punitive Damages (Rec. Doc. 40)** is **GRANTED.**

New Orleans, Louisiana, this 15th day of August 2011.

KURT D. ENGELHARDT
United States District Judge